SCHINDLER ELEVATOR CORPORATION, APPELLANT,
*v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Schindler Elevator Corp. v. Tracy* (1999), 84 Ohio St.3d 496.]

(No. 97–2387—Submitted October 27, 1998—Decided February 24, 1999.)

*Jones, Day, Reavis & Pogue* and *Charles M. Steines*, for appellant.

*Betty D. Montgomery*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellee.

----

MOYER, C.J. The issue to be determined is whether R.C. 5703.37 or 5739.13 is the statute controlling the service of a notice of sales or use tax assessment by the Ohio Department of Taxation upon a corporation. (R.C. 5741.14 makes R.C. 5739.13 applicable to the use tax.) Appellant, Schindler, argues that R.C. 5703.37 controls and that it therefore timely filed its petition for reassessment. Requirements for the service of notices of sales tax assessments on taxpayers and petitions for reassessment are set forth in R.C. 5739.13, which provides:

"(A) * * *

"The commissioner shall give the party assessed *written notice of the assessment by personal service or certified mail.* * * *

"(B) Unless the party to whom the notice of assessment is directed files with the commissioner *within thirty days after service of the notice of assessment* * * * a petition for reassessment in writing, signed by the party assessed, or by the party's authorized agent having knowledge of the facts, the assessment shall become final * * *." (Emphasis added.)

The general statutory provision regarding service by the Department of Taxation is R.C. 5703.37, which provides:

"Every order or notice, service of which is required, shall be served upon the person or corporation affected thereby either by personal delivery of a certified copy or by mailing a certified copy by registered mail to the person affected thereby, or *in the case of a corporation, to any officer or agent upon whom a summons may be served.*" (Emphasis added.)

R.C. 1.02(G) provides that "registered mail" and "certified mail" are interchangeable terms.

A plain reading of R.C. 5703.37 and R.C. 5739.13 produces the conclusion that the General Assembly has created different requirements in each section. R.C. 5703.37 requires that a notice served by certified mail be served on "any officer or agent upon whom a summons may be served." However, as this court held in *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 71 O.O.2d 77, 326 N.E.2d 686, service of a sales tax assessment pursuant to R.C. 5739.13 is effective when the notice is delivered and properly receipted by an appropriate person at the residence of the vendor or consumer. In *Castellano,* the taxpayer was an individual rather than a corporation. Thus, this case is only minimally helpful in resolving the issue before us. Nevertheless, the service requirements set forth in R.C. 5703.37 are more defined than those contained in R.C. 5739.13.

Civ.R. 4.2(F) designates the types of corporate agents that can be effectively served with process. The rule states that service of process may be made upon a corporation by serving an agent authorized by appointment or law to receive service of process, or an officer or a managing or general agent of the corporation.

The notice of assessment against Schindler was not directed to or served upon any agent or officer contemplated in Civ.R. 4.2(F). In addition, no officer or agent authorized to receive service saw the notice of assessment prior to July 26, 1996. Therefore, the receipt of the notice of assessment by ARDS on June 25, 1996 did not meet the requirements set forth in R.C. 5703.37. However, if we apply the rationale of *Castellano* to this case, the June 25, 1996 receipt by ARDS did meet the requirements of R.C. 5739.13.

Schindler argues that the commissioner was required to meet the service requirements of R.C. 5703.37, while the commissioner contends that R.C. 5739.13 controls. Pursuant to R.C. 1.51:

"If a general provision conflicts with a special provision or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

This section of the Revised Code requires that, if possible, conflicting statutes be construed in a manner as to give effect to both. However, R.C. 5703.37 and 5739.13 cannot be construed to give effect to both, as the service requirements are dissimilar. We therefore must apply the special provision over the general unless the general provision was adopted after the special provision and the manifest intent is that the general provision prevail.

Here, R.C. 5703.37 is a general provision setting forth service requirements for the Department of Taxation, while R.C. 5739.13 is a special provision applicable to the service of notices of sales tax assessments. Therefore, R.C. 5739.13 controls unless R.C. 5703.37 was the later-adopted statute and it is the manifest intent that R.C. 5703.37 apply.

The General Assembly originally enacted the predecessor of R.C. 5703.37 in 1910 as G.C. 5542–20. 101 Ohio Laws 399, 429. It was reenacted in 1911 as G.C. 1465–30. 102 Ohio Laws 224, 229. The sales tax, with the predecessor to R.C. 5739.13, G.C. 5546–9a, was originally enacted by the General Assembly in 1934. H.B. No. 134, 115 Ohio Laws, Part II, 306, 311.

In *State v. Frost* (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235, paragraph one of the syllabus, this court stated, "Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." "It is axiomatic that it will be assumed that the General Assembly has knowledge of prior legislation when it enacts subsequent legislation." *Id.* at 125, 11 O.O.3d at 296, 387 N.E.2d at 238.

Applying our decision in *State v. Frost* and R.C. 1.51 to this case, we conclude that R.C. 5739.13, the special, later-enacted statute, sets forth the service requirements applicable to notices of sales tax assessments issued by the Department of Taxation. Therefore, Schindler was served with valid notice of the sales and use tax assessment on June 25, 1996, when ARDS gave a receipt for the notice, and failed to file a written petition for reassessment within the thirty-day time period mandated by R.C. 5739.13, thus divesting the Board of Tax Appeals of jurisdiction to entertain Schindler's appeal.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

---

COOK, J., dissenting. I respectfully dissent because the notice required by the sales tax assessment section is controlled by the requirements in R.C. 5703.37, which is applicable to *every required notice* served by the Department of Taxation. I do not believe there is any conflict in the service requirements of R.C. 5703.37 and 5739.13, and thus an analysis of "special" versus "general" is inapposite.

R.C. 5703.37 is part of the chapter titled "Department of Taxation," which is situated in R.C. Title 57 immediately after the definitions chapter. It applies to "*[e]very* order or *notice,* service of which is required." (Emphasis added.) The other code section in question, R.C. 5739.13, requires a *notice.* Thus, a sales tax assessment notice issued pursuant to R.C. 5739.13 must comply with R.C. 5703.37 unless the two sections conflict in some way. They do not. Both require certified mail or personal service. But only R.C. 5703.37 sets forth the particular requirements for directing service where, as here, the notice is required to go to a "corporation affected thereby."

In this case, the notice of assessment was defective because it was directed to Schindler Elevator Company rather than an officer or agent upon whom a summons could be served, as prescribed by R.C. 5703.37. Service was not effected under either statute until notice was received by the appropriate officer or agent, John Impellizzeri, on July 26, 1996, the same day the petition for reassessment was filed.

Reading the relevant statutes in tandem, then, and giving effect to both, I would hold that Schindler's petition for reassessment in this case was timely. The decision of the Board of Tax Appeals should be reversed.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.