[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 231.]

BOARD OF EDUCATION OF GAHANNA-JEFFERSON LOCAL SCHOOL DISTRICT, APPELLANT, *v*. ZAINO, TAX COMMR., ET AL., APPELLEES.

[Cite as *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 2001-Ohio-1335.]

*Taxation—Real property—Exemptions—Tax Commissioner has jurisdiction under R.C. 5715.27(E) to hear a complaint challenging the continued exemption of property located within a Community Reinvestment Area.*

(No. 00-983—Submitted February 28, 2001—Decided September 26, 2001.)

APPEAL from the Board of Tax Appeals, No. 99-K-1562.

_____

COOK, J.

{¶ 1} R.C. 3735.65 *et seq.* allows cities and counties to grant tax exemptions for real property located within a designated Community Reinvestment Area ("CRA"). This case asks whether the Tax Commissioner ("commissioner") has jurisdiction under R.C. 5715.27(E) to hear a complaint challenging the continued exemption of certain property located in a CRA. The Board of Tax Appeals ("BTA") answered this question in the negative. But because nothing in R.C. 3735.65 *et seq.* necessarily undermines the general authority granted to the commissioner under R.C. 5715.27(E), we reverse.

I

{¶ 2} Appellee Duke Realty, L.P. ("Duke") owns real property located within an area of Columbus, Ohio, designated as a CRA. Appellant Board of Education of the Gahanna-Jefferson Local School District ("Gahanna-Jefferson") filed a complaint with the commissioner under R.C. 5715.27(E), asserting that the property in question no longer qualified for an exemption granted under R.C. 3735.65 *et seq.* The commissioner dismissed the complaint for lack of jurisdiction,

concluding that he lacked the statutory authority to participate in the process of exempting from taxation property located within a CRA.

{¶ 3} The BTA affirmed the commissioner's decision, relying almost exclusively on its recent decision in *Vandalia-Butler City School Dist. Bd. of Edn. v. Tracy* (Apr. 14, 2000), B.T.A. Nos. 98-M-358 and 98-M-359, unreported. Although the BTA acknowledged that Gahanna-Jefferson " 'may have a remedy by appeal to a court of common pleas' " under R.C. 3735.70, it found " 'no reference within R.C. 3735.67 *et seq.* which directs the commissioner to administer the incentives permitted to CRA's,' " quoting *Vandalia-Butler*. Accordingly, the BTA found that the commissioner lacked jurisdiction to hear Gahanna-Jefferson's complaint against the continued exemption of Duke's property.

{¶ 4} The cause is now before this court upon an appeal as of right.

II

{¶ 5} When reviewing an appeal from the BTA, we must ascertain whether the BTA's decision is reasonable and lawful. *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783, 785. Although we will generally not disturb the BTA's determinations on the weight of evidence and credibility of witnesses, we will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion. See *SFZ Transp., Inc. v. Limbach* (1993), 66 Ohio St.3d 602, 604, 613 N.E.2d 1037, 1039. In this case, we must decide whether the BTA correctly interpreted R.C. 3735.65 *et seq.* as depriving the commissioner of jurisdiction over a complaint filed under R.C. 5715.27(E) that seeks revocation of a tax exemption for property in a CRA.

*R.C. 3735.65* et seq.

{¶ 6} In R.C. 3735.65 *et seq.*, the General Assembly has instituted a property tax incentive program that promotes the construction and remodeling of commercial, industrial, and residential structures in CRAs. Before property may be exempted from taxation under this program, the legislative authority of a

2

municipality or county must adopt resolutions designating the boundaries of a CRA. R.C. 3735.66.[1] The legislative authority must also designate a housing officer to administer the CRA program. *Id*. New or remodeled residential, commercial, or industrial property located within a CRA is eligible for a partial or total tax exemption. *Id.*

{¶ 7} To obtain an exemption for new or remodeled property located in a CRA, the owner must file an application with the housing officer designated by the legislative authority. R.C. 3735.67. If the property is commercial or industrial, the legislative authority and the owner must also enter into a written agreement before new construction begins. R.C. 3735.67(A) and 3735.671(A). Unless certain conditions in R.C. 3735.671(A)(2) or (A)(3) apply, the school board must be notified of the exemption and, in the case of commercial or industrial property, must approve the written agreement between the legislative authority and the owner. R.C. 3735.67(A) and 3735.671(A)(1). After the housing officer has determined that all the requirements for an exemption have been met, he or she forwards the application to the county auditor with information regarding the percentage and duration of the exemption. R.C. 3735.67(C).

{¶ 8} Besides the authority granted by R.C. 3735.67, the housing officer also has the power to revoke a CRA exemption after the first year if "the housing officer finds that the property has not been properly maintained or repaired due to the neglect of the owner." R.C. 3735.68. In addition, if the property is commercial or industrial, the legislative authority of the county or municipality may revoke the exemption if it finds that (1) the owner "has materially failed to fulfill its

---

1. The area designated as a CRA must be "one in which housing facilities or structures of historical significance are located and new housing construction and repair of existing facilities or structures are discouraged." R.C. 3735.65(B).

obligations" under the written agreement entered into pursuant to section R.C. 3735.671 or (2) the owner violated R.C. 3735.671(E).[2] *Id.*

{¶ 9} The CRA statutory scheme also contains an appeals process. R.C. 3735.70 allows "[a]ny person aggrieved under sections 3735.65 to 3735.69 of the Revised Code" to appeal to the CRA housing council, an administrative body appointed by local authorities under R.C. 3735.69. R.C. 3735.70 also provides for further appeals "from a decision of the council to the court of common pleas of the county where the area is located."

*R.C. 5715.27*

{¶ 10} In contrast to R.C. 3735.65 *et seq.*'s specific applicability to tax exemptions for property in a CRA, R.C. 5715.27 is a general statute relating to the granting and revoking of exemptions from real property taxes. The statute allows property owners to file applications for tax exemption with the commissioner, who must then notify the boards of education of these applications if requested to do so. See R.C. 5715.27(A) and (B). A board of education may then "file a statement with the commissioner * * * indicating its intent to submit evidence and participate in any hearing on the application." R.C. 5715.27(C). The commissioner may not act on the application for exemption before the board of education's deadline for submitting this statement unless certain statutory exceptions apply. R.C. 5715.27(D).

{¶ 11} One of these exceptions in R.C. 5715.27(D) expressly refers to a CRA exemption statute. At the property owner's request, the commissioner may act upon an exemption application prior to the date specified in R.C. 5715.27(C) "in the case of exemptions authorized by section 725.02, 1728.10, *3735.67*,

---

2. Under R.C. 3735.671(E), a person (or that person's "successor or related member") may not enter into any agreement with a legislative authority under R.C. 3735.671 if, within the last five years, that person (1) was a party to an agreement granting a CRA exemption and (2) discontinued operations at the structure to which the exemption applied prior to the expiration of the term of the R.C. 3735.671 agreement.

5709.41, 5709.62, or 5709.63 of the Revised Code." (Emphasis added.) R.C. 5715.27(D). Thus, even though R.C. 3735.65 *et seq.* does not mention the commissioner, R.C. 5715.27(D) contemplates some involvement by the commissioner in the process of exempting CRA property from taxation.

{¶ 12} R.C. 5715.27 also contemplates commissioner involvement in a decision to revoke a property tax exemption. R.C. 5715.27(E) provides that "[a] complaint may also be filed with the commissioner by any person, board, or officer authorized by section 5715.19 of the Revised Code to file complaints with the county board of revision against the continued exception *of any property*." (Emphasis added.) R.C. 5715.27(F) empowers the commissioner to decide the issue and to certify his or her findings to the county auditor.

*Reconciling the Statutes*

{¶ 13} There is no dispute that Gahanna-Jefferson is a "board" that is authorized by R.C. 5715.27(E) to file a complaint against the continued exemption of property. And because R.C. 5715.27(E) allows a complaint to be filed against the continued exemption of *any* property, Gahanna-Jefferson argues that it may file a complaint under this provision against property within a CRA that is exempted under R.C. 3735.65 *et seq.* Conversely, the appellees contend that R.C. 5715.27(E) is inapplicable because R.C. 3735.65 *et seq.* provides specific and exclusive procedures for revoking an exemption previously granted to property within a CRA. And because these specific provisions in R.C. 3735.65 *et seq.* make no mention of commissioner involvement, the appellees contend that R.C. 5715.27(E) cannot grant jurisdiction to the commissioner over Gahanna-Jefferson's complaint.

{¶ 14} The relevant starting point for our analysis is R.C. 1.51, which states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception

to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 15} When two statutory provisions are alleged to be in conflict, R.C. 1.51 requires us to construe them, where possible, to *give effect to both*. *Schindler Elevator Corp. v. Tracy* (1999), 84 Ohio St.3d 496, 499, 705 N.E.2d 672, 674. "Only where the conflict is deemed *irreconcilable* does R.C. 1.51 mandate that one provision shall prevail over the other." (Emphasis added.) *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, 1131. Our comparison of R.C. 3735.65 *et seq.* and 5715.27(E) fails to convince us that these statutes are irreconcilable.

{¶ 16} As noted above, R.C. 3735.68 explains the circumstances under which a housing officer or local legislative authority may revoke a CRA exemption. The statute does not, however, contain a provision authorizing a board of education to commence proceedings seeking to revoke a CRA exemption. The appellees view this omission as evidence of the General Assembly's "clear intent" to have R.C. 3735.68 act as the "exclusive means" for revoking tax exemptions previously granted to property in a CRA. But it is just as likely that R.C. 5715.27(E) remains available to parties like Gahanna-Jefferson as a means to seek revocation of the CRA exemption. The General Assembly did not expressly preclude all commissioner involvement in the CRA exemption revocation process, though it could have done so within R.C. 3735.68 or anywhere else within R.C. 3735.65 *et seq.*

{¶ 17} The lack of an explicit preclusion of commissioner involvement makes R.C. 3735.65 *et seq.*'s procedure for revoking CRA exemptions easily reconcilable with R.C. 5715.27(E). On the one hand, we may give effect to R.C. 3735.68's enumeration of specific methods of revoking CRA exemptions. That is, R.C. 3735.68 expressly allows housing officers and local legislative authorities to revoke CRA exemptions in the specific situations stated in the statute. If the party

6

seeking to revoke a CRA exemption is a housing officer or local legislative authority, R.C. 3735.68 is the appropriate statute governing the revocation. On the other hand, R.C. 5715.27(E) provides a means for revoking a CRA exemption—via a complaint filed with the commissioner—for parties *other than* a housing officer or a local legislative authority. By its express terms, R.C. 5715.27(E) provides for commissioner jurisdiction over complaints filed by specified persons and entities against the continued exception of *any* property. This general grant of authority does not irreconcilably conflict with the specific scheme of R.C. 3735.65 *et seq*. And without an irreconcilable conflict, R.C. 1.51 requires us to give effect to *both* R.C. 5715.27(E) *and* 3735.65 *et seq.*

{¶ 18} The fact that R.C. 3735.70 provides an avenue for appeals relating to CRA exemptions does not undermine our reconciliation of R.C. 3735.65 *et seq.* with R.C. 5715.27(E). Although R.C. 3735.70 allows an appeal to the housing council by "[a]ny person aggrieved," it is not obvious that a party such as Gahanna-Jefferson could invoke this provision. Assuming that a school board qualifies as a "person aggrieved" within the meaning of R.C. 3735.70, the statute vests authority in the housing council only to "overrule any *decision* of a housing officer." (Emphasis added.) But if a housing officer simply takes no action to revoke a CRA exemption, there has been no formal "decision" from which to appeal. Further, R.C. 3735.70's language provides no vehicle by which anyone, let alone a school board, may challenge a *legislative authority's* "decision" not to revoke a CRA exemption. In light of these inherent limitations in the process outlined in R.C. 3735.70, we cannot conclude that this statute evidences a legislative intent to supersede the commissioner's authority to entertain complaints filed under R.C. 5715.27(E).

III

{¶ 19} Reading the relevant statutes together and giving effect to both R.C. 5715.27(E) and 3735.65 *et seq.*, we hold that the commissioner has jurisdiction over Gahanna-Jefferson's complaint against the continued exemption of the property at issue. The BTA's decision to the contrary was unreasonable and unlawful. We accordingly reverse the decision of the BTA and remand this cause to the commissioner for proceedings not inconsistent with this opinion.

*Decision reversed*

*and cause remanded.*

DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

————————————

**MOYER, C.J., dissenting.**

{¶ 20} The majority today holds that as R.C. 5715.27(E) can be reconciled with R.C. 3735.65 *et seq.*, "R.C. 5715.27(E) remains available to parties like Gahanna-Jefferson as a means to seek revocation of the CRA exemption." I believe R.C. 5715.27(E) and R.C. 3735.65 *et seq.* are irreconcilable; therefore, I respectfully dissent.

{¶ 21} The relevant starting point for our inquiry is R.C. 1.51. Pursuant to R.C. 1.51:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 22} In *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 567 N.E.2d 1018, we were presented with the issue of whether the Ohio Department of Agriculture had exclusive authority to regulate sanitary

conditions of food establishments or whether local boards of health could also regulate in this area. We compared the local and state sanitary regulations and determined that "[i]f the above comparisons, or others within these regulations, result in a determination that a conflict exists, the standards of construction found in R.C. 1.51 pertain." *Id.* at 37, 567 N.E.2d at 1027.

{¶ 23} Similarly, in *Schindler Elevator Corp.*, we compared R.C. 5703.37, a general provision mandating service requirements for the Department of Taxation, with R.C. 5739.13, a special provision pertaining to the service of notices of sales tax assessments. *Schindler Elevator Corp. v. Tracy* (1999), 84 Ohio St.3d 496, 499, 705 N.E.2d 672, 674. After determining that there was a conflict between the two provisions, we noted that " '[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence.' " *Id.*, 84 Ohio St.3d at 499, 705 N.E.2d at 674, quoting *State v. Frost* (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235, paragraph one of the syllabus.

{¶ 24} In *Toledo Business & Professional Women's Retirement Living, Inc. v. Bd. of Tax Appeals* (1971), 27 Ohio St.2d 255, 56 O.O.2d 153, 272 N.E.2d 359, the taxpayer sought a property tax exemption pursuant to a general statutory exemption for property operated exclusively for charitable purposes, *i.e.*, homes for the aged operated by nonprofit corporations. We denied the exemption, holding that the enactment of an intervening exemption specifically for homes for the aged limited us to applying specific criteria. Specifically, we stated that the power to grant tax exceptions "is lodged exclusively in the General Assembly, and once it has chosen a specific subject for tax exemption, and defined the criteria, the function of the executive and judicial branches is limited to applying those criteria to a particular case, or to interpreting them if necessary. Any other interpretation of Section 2 of Article X of our Constitution would constitute an usurpation of the

power thereby granted in favor of, and co-sharing of that power by, those other branches." *Id*. at 258, 56 O.O.2d at 154, 272 N.E.2d at 361-362.

**{¶ 25}** In *Rickenbacker*, we explained that *Toledo* requires that "a property, to be exempt, must qualify under the criteria of the statute specifically applicable to that property." *Rickenbacker Port Auth. v. Limbach* (1992), 64 Ohio St.3d 628, 631, 597 N.E.2d 494, 496. *Rickenbacker* involved a conflict between R.C. 4582.46, a specific exemption statute, and R.C. 5709.08 and 5709.121, two general exemption statutes. *Id.* at 631, 597 N.E.2d at 496. R.C. 4582.46 granted an exemption to property belonging to port authority facilities, provided that the property at issue was not leased for more than one year. Rickenbacker had entered into a multiyear lease on the property at issue and argued that since the property was operated for a public purpose, it should be exempted under the general exemption statutes, R.C. 5709.08 and 5709.121. *Id.* at 630-631, 597 N.E.2d at 496.

**{¶ 26}** We held that "[i]f a port authority could exempt its property under a statute other than R.C. 4582.46, the one-year limitation contained therein would have no effect." *Id.*, 64 Ohio St.3d at 632, 597 N.E.2d at 496. Accordingly, we held that the specific statute, R.C. 4582.46, applied and that Rickenbacker did not qualify for an exemption pursuant to it, as Rickenbacker had failed to meet its criteria with respect to a lease of no more than one year. *Id.* at 632, 597 N.E.2d at 496-497.

**{¶ 27}** I believe that the instant case presents a conflict between R.C. 3735.65 *et seq.* and R.C. 5715.27. Whereas housing officers and other local officials control exemption determinations under R.C. 3735.67, R.C. 5715.27 involves the Tax Commissioner in all phases of the exemption process. R.C. 5715.27(A) allows property owners to file an application for exemption with the Tax Commissioner, while R.C. 5715.27(B) directs the Tax Commissioner to notify the board of education of applications for exemption if requested to do so. The board of education may participate in the hearing by the Tax Commissioner upon

request to the Tax Commissioner. R.C. 5715.27(C) and (D). Additionally, R.C. 5715.27(E) and 5715.27(F) allow complaints against a continued exemption to be filed with the Tax Commissioner, who is empowered to consider such complaints and certify his or her findings to the auditor. Finally, the Board of Tax Appeals hears appeals from decisions under R.C. 5715.27. R.C. 5717.02.

{¶ 28} It is true that R.C. 5715.27 specifically refers to R.C. 3735.67. R.C. 5715.27(D) gives the Tax Commissioner the authority to "act upon an application at any time prior to that date upon receipt of a written waiver from each such board of education, or, in the case of exemptions authorized by section 725.02, 1728.10, *3735.67*, 5709.41, 5709.62, or 5709.63 of the Revised Code, *upon the request of the property owner*." (Emphasis added.) However, the procedure for revocation of an exemption granted pursuant to R.C. 3735.65 *et seq.* conspicuously lacks any involvement on the part of the Tax Commissioner. While R.C. 5715.27(D) directs the Tax Commissioner to act upon a request for exemption by a property owner pursuant to R.C. 3735.67, there are no words in R.C. 3735.65 *et seq.* that authorize the Tax Commissioner to grant or revoke an exemption. A review of the other statutes cited in R.C. 5715.27(D) reveals that although all provide for property tax exemption incentives, only R.C. 3735.65 *et seq.* provides a comprehensive procedure for the granting and revocation of exemptions. In addition, R.C. 3735.70 gives an aggrieved party the right to appeal a decision of a housing officer to the court of common pleas of the county in which the subject property is located, rather than providing an avenue of review through the Tax Commissioner and ultimately the Board of Tax Appeals, as is authorized by R.C. 5715.27(E) and 5717.02. Thus, a conflict regarding the authority of the Tax Commissioner exists between R.C. 3735.65 *et seq.* and R.C. 5715.27.

{¶ 29} The board argues that, notwithstanding these specific procedures granting jurisdiction to the housing officer designated by the legislative authority, the Tax Commissioner has concurrent jurisdiction to revoke exemptions under R.C.

11

3735.67. The board relies on *State ex rel. Methodist Book Concern v. Guckenberger* (1937), 133 Ohio St. 27, 9 O.O. 432, 10 N.E.2d 1001, and *Society of Precious Blood v. Bd. of Tax Appeals* (1948), 149 Ohio St. 62, 65, 36 O.O. 403, 405, 77 N.E.2d 459, 461, which reaffirmed *Methodist Book*. However, those cases involved the authority of the county auditor to strike property from the exempt list and are not relevant to determining the issue at bar. For example, *Methodist Book* was an action in prohibition that held that although G.C. 5570-1 gave the Tax Commission exclusive authority to declare property exempt, the county auditor had authority in any year thereafter to strike property from the exempt list precisely because the function performed by the auditor was ministerial and not quasi-judicial. *Methodist Book*, 133 Ohio St. 27, 9 O.O. 432, 10 N.E.2d 1001, paragraphs one and two of the syllabus. In addition, the court found that an aggrieved party had the right to appeal to the Tax Commission pursuant to G.C. 5616. *Id.* at paragraph two of the syllabus. However, unlike the conspicuous lack of any mention of the Tax Commissioner in R.C. 3735.65 *et seq.*, G.C. 5616 expressly permitted "[a]ny person, board or officer authorized by this act to file complaints with the county board of revision [to] complain to the Tax Commission of Ohio." *Methodist Book*, 133 Ohio St. at 28, 9 O.O. at 433, 10 N.E.2d at 1001. *Society of Precious Blood* merely reaffirmed *Methodist Book* in recognizing the authority of the auditor to reenter property on the taxable list. *Society of Precious Blood*, 149 Ohio St. at 65, 36 O.O. at 405, 77 N.E.2d at 461. Thus, neither *Methodist Book* nor *Society of Precious Blood* stands for the proposition that the auditor and Tax Commissioner have concurrent jurisdiction and are inapposite to this case.

{¶ 30} Appellant board also cites *Fid. S. & L. Co. v. Strabala* (May 1, 1986), Columbiana App. No. 84-C-36, unreported, 1986 WL 5284, for the proposition that the auditor and housing officer have concurrent jurisdiction to remove properties. However, *Fidelity* does not stand for this proposition, holding only that the removal of property from the exempt list by the county auditor is a ministerial act required

12

by R.C. 5713.08. Thus, case law cited by the board is inapplicable to the issue at bar and does not persuade us that the General Assembly intended R.C. 5715.27 to prevail over R.C. 3735.65 *et seq.*

{¶ 31} In conclusion, I would find that R.C. 3735.65 *et seq.* provides detailed, specific procedures for the application, administration, and revocation of tax exemptions for property in a CRA. Given the lack of manifest intent that the General Assembly meant R.C. 5715.27 to prevail and the clear intent of the General Assembly to have R.C. 3735.65 *et seq.* act as a self-contained program administered on a local level, I would conclude that R.C. 3735.65 *et seq.*, the specific statutes, outline the exclusive procedure for the granting and revocation of exemptions. Accordingly, I would agree with the Tax Commissioner that he lacks jurisdiction to consider a complaint against an exemption that is granted pursuant to R.C. 3735.65 *et seq.*

{¶ 32} For the foregoing reasons, I would affirm the decision of the Board of Tax Appeals.

F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

*Green & Hughes Co., L.P.A.,* and *Martin J. Hughes III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Phyllis J. Shambaugh,* Assistant Attorney General, for appellee Tax Commissioner.

*Thompson, Hine & Flory, L.L.P.,* and *Peter D. Welin*, for appellee Duke Realty, Inc.

_____