SCM Chemicals, Inc., n.k.a. Millenium Inorganic Chemicals,
Inc., Appellee and Cross-Appellant, *v.* Wilkins, Tax
Commr., Appellant and Cross-Appellee.

[Cite as *SCM Chem., Inc. v. Wilkins,*
106 Ohio St.3d 43, 2005-Ohio-3676.]

(No. 2004–0244—Submitted March 8, 2005—Decided August 3, 2005.)

**Moyer, C.J.**

{¶ 1} The issue presented in this case is whether appellant and cross-appellee, the Tax Commissioner, may consider a taxpayer's application for a rebate of personal property tax payments when the application was not filed until after the statutory filing deadline had passed, but the grounds on which the taxpayer relies did not arise until after that statutory time limit had run. We hold that R.C. 5711.25 and 5711.26 bar the Tax Commissioner from considering an application for rebate of personal property tax payments in that situation.

I

{¶ 2} SCM Chemicals, Inc. ("SCM"), appellee and cross-appellant, operates a manufacturing facility in Ashtabula County. To control air and water pollution at the manufacturing facility, SCM installed dust collectors, pumps, and other devices and then filed applications with the appropriate government officials seeking three exempt-facility certificates.

{¶ 3} Exempt-facility certificates, which are described in R.C. 5709.20 through 5709.27 and former R.C. 6111.31 through 6111.37, reduce the tax burden on property owners who install or construct pollution-control devices on their property. An exempt-facility certificate exempts the affected equipment from taxes, including personal property taxes. R.C. 5709.25; former R.C. 6111.35, 131 Ohio Laws 1425. In the case of an air-pollution-control certificate, R.C. 5709.21(B)[1] provides: "The effective date of the certificate shall be the date the application was made for such certificate or the date of the construction of the [pollution-control] facility, whichever is earlier." For water-pollution-control facilities, the effective date was the date of the acquisition of the exempt property or the date on which construction began, whichever was earlier. Former R.C. 6111.31, 134 Ohio Laws, Part I, 772–773.

{¶ 4} SCM secured the three exempt-facility certificates for which it applied. Industrial Water Pollution Control Certificate No. 1899 was first issued by the Director of Environmental Protection on July 27, 1995, with an effective date of March 19, 1990. However, SCM challenged the effective date, and on July 16, 1996, the director reissued the certificate with a new effective date of November 30, 1983. Industrial Water Pollution Control Certificate No. 1900 was issued by the Director of Environmental Protection on August 1, 1995, with an effective date of October 1, 1974. Finally, Air Pollution Control Certificate No. 5908 was issued by the Tax Commissioner on August 29, 1997, with an effective date of October 1, 1989.

{¶ 5} SCM alleges that it paid personal property taxes in 1994 and 1995 on the property covered by the three exempt-facility certificates. On November 28, 2001, the company sent a written request to the Tax Commissioner seeking a refund of those taxes.

{¶ 6} The statutory provision under which a taxpayer may seek a reduction in the assessed value of taxable personal property and thereby secure a refund of personal property taxes already paid is R.C. 5711.26. R.C. 5711.26 requires such a request, referred to as an "[a]pplication for final assessment" in the statute, to be filed by the taxpayer with the Tax Commissioner "within the time prescribed by section 5711.25 of the Revised Code." R.C. 5711.25 provides that the taxable value of personal property "shall become final on the second Monday of August of the second year after the filing of a return with the county auditor."

{¶ 7} Citing the R.C. 5711.25 filing deadline, the Tax Commissioner concluded that he could not consider SCM's November 2001 refund request involving 1994 and 1995 personal property taxes. The statutory time periods for requesting

---

1. The version of R.C. 5709.21 in effect when SCM's certificates were issued contained nearly identical language. 135 Ohio Laws, Part I, 1897.

refunds for those years had expired in August 1996 and August 1997 respectively, and thus, SCM's 2001 refund request had been filed too late, according to the commissioner.

{¶ 8} The Board of Tax Appeals ("BTA") partially reversed and partially affirmed the decision of the Tax Commissioner. The BTA ruled that the Tax Commissioner should have considered the refund request for the taxes paid on the personal property covered by the air-pollution-control certificate issued on August 29, 1997, "because that exemption certificate was issued after the time for filing an application for refund had expired." Even if SCM had filed its refund request for the taxes paid on the air-pollution-control facility as soon as the exemption certificate was issued by the Tax Commissioner in late August 1997, that request would have been too late because the refund-request deadline for 1994 taxes had expired in August 1996, and the deadline for 1995 taxes had expired in mid-August 1997. The BTA explained that the Tax Commissioner should have overlooked the passage of the filing deadlines when compliance with those deadlines was impossible under the circumstances.

{¶ 9} Applying this reasoning to the refund requests for the personal property covered by the two water-pollution-control certificates, the BTA concluded that the Tax Commissioner had correctly dismissed those requests because the water-pollution-control certificates were issued on August 1, 1995, and July 16, 1996, and SCM still had time on those dates to file timely refund requests for the years in question.

{¶ 10} The Tax Commissioner has appealed, and SCM has cross-appealed from the BTA's decision.

II

{¶ 11} In reviewing a BTA decision, this court considers whether the decision was reasonable and lawful. R.C. 5717.04. The court "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. But "[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations," this court will affirm them. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.

{¶ 12} We hold that the portion of the BTA's decision requiring the Tax Commissioner to consider a refund request filed after the expiration of the time limit set forth in R.C. 5711.25 is unreasonable and unlawful because it does not comply with the governing statutes.

{¶ 13} R.C. 5711.26 allows a taxpayer to file a refund request "within the time prescribed by section 5711.25 of the Revised Code," and R.C. 5711.25 designates

a date, generally the "second Monday of August of the second year after the filing of a return with the county auditor," as the end of that prescribed time period. If no refund request is filed before the expiration of the statutorily prescribed time period, the value assigned to the personal property by the Tax Commissioner becomes final. Any refund requests filed later by the taxpayer are not timely, and there is no indication in R.C. 5711.25 or elsewhere that the General Assembly contemplated waiver of the filing date or any extensions of the filing date beyond the time period described in that statute.

{¶ 14} R.C. 5709.20 through 5709.27 and former R.C. 6111.31 through 6111.37 address the procedures governing the issuance of exempt-facility certificates for pollution-control facilities, but the versions of those provisions in effect at the time of the applications were silent with regard to personal property tax refunds or any refund requests associated with those certificates.[2] 135 Ohio Laws, Part I, 1896–1897; 134 Ohio Laws, Part I, 772. They also did not include any language that conflicted with the time limits imposed on refund requests by R.C. 5711.25 and 5711.26.

{¶ 15} To be sure, R.C. 5709.21(B) states that exempt-facility certificates are effective as of "the date the application was made for such certificate or the date of the construction of the [pollution-control] facility, whichever is earlier," and former R.C. 6111.31 established an effective date of the acquisition date of the exempt property or the beginning of construction, whichever was earlier. These provisions could result—as in this case—in the issuance of a certificate with an effective date years earlier than the date on which the certificate itself is issued. But R.C. 5711.25 and 5711.26 are the only provisions that address refund requests for personal property taxes, and those provisions do not contain any language that might allow a taxpayer to file an untimely request for a refund when a certificate for a tax-exempt pollution-control facility has been issued after the R.C. 5711.26 time period has expired.

{¶ 16} Accordingly, we hold that the Tax Commissioner may not consider a taxpayer's application for a rebate of personal property tax payments when the application was filed after the expiration of the filing deadline set forth in R.C. 5711.25 even though the grounds on which the taxpayer relies did not arise until after the filing deadline.

{¶ 17} SCM filed a refund request in 2001 for personal property taxes paid in 1994 and 1995. The deadlines for requesting refunds for 1994 and 1995 expired in August 1996 and August 1997 respectively, and therefore, the Tax Commissioner was required to reject SCM's 2001 refund request. The fact that the air-pollution-control certificate was issued in late August 1997, after the time for

---

2. R.C. 5709.21(B) now explicitly denies any effect on deadlines for refund applications.

filing the application for refunds had expired, is immaterial in light of the clear language in R.C. 5711.26 mandating that any refund requests be filed within the two-year period described in R.C. 5711.25.

{¶ 18} SCM could have preserved its ability to take advantage of the tax benefits of its pollution-control facilities during 1994 and 1995 by filing timely requests for tax refunds under R.C. 5711.26 even before the Ohio EPA and the Tax Commissioner issued the three pollution-control certificates. SCM need not have waited until the three pollution-control certificates had been issued before seeking the refunds that it now claims are owed.

{¶ 19} The refund-request time limit set by R.C. 5711.25 and 5711.26 simply requires the taxpayer to file for the refund within that time limit. Had SCM sought personal property tax refunds for 1994 before the second Monday of August 1996 and for 1995 before the second Monday of August 1997 as those statutes require, the requests would have been timely. And SCM had enough information before those August 1996 and August 1997 deadlines to know that tax exemptions might be forthcoming from the Ohio Environmental Protection Agency and the Tax Commissioner that could affect SCM's 1994 and 1995 tax returns.

{¶ 20} SCM applied for the exempt-facility certificates involving the two water-pollution-control facilities in 1990. Industrial Water Pollution Control Certificate No. 1899 was first issued in July 1995, and certificate No. 1900 was issued in August 1995. With regard to the air-pollution-control facility that is the subject of certificate No. 5908, even though the certificate was not issued until late August 1997, SCM applied for the certificate in November 1994. Thus, for all three facilities, SCM had sufficient information to file timely rebate requests with the Tax Commissioner for 1994 and 1995 personal property taxes before the August 1996 and August 1997 deadlines for those requests.

## III

{¶ 21} For the foregoing reasons, we reverse that portion of the BTA's decision requiring the Tax Commissioner to consider the 2001 refund request of SCM for the property covered by the air-pollution-control certificate. We affirm the decision of the BTA that the Tax Commissioner properly refused to consider SCM's untimely refund requests for the property covered by the two water-pollution-control certificates.

Decision affirmed in part
and reversed in part.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Frost Brown Todd, L.L.C., and Samuel M. Scoggins, for appellee and cross-appellant.

Jim Petro, Attorney General, and Richard C. Farrin, Senior Deputy Attorney General, for appellant and cross-appellee.

