DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The Board of Tax Appeals found that the Community Health Partners Regional Medical Center purchased a piece of real estate at arm's length. Based on that finding, the Board increased the taxable value of the real estate to the sale price. This Court affirms because the Board's finding that the medical center failed to establish compelling business circumstances was supported by probative and reliable evidence.
 FACTS {¶ 2} The medical center wished to purchase property next to its existing building in order to expand its operations. In order to avoid the seller demanding a higher price than the property was worth, the medical center, instead of negotiating and entering into a deal with the seller itself, had Robert P. Ellis, Jr. do so as a trustee. After the transaction was complete, the *Page 2 
Elyria City School District filed a Complaint with the Lorain County Board of Revision, alleging that the taxable value of the property should be increased to the sale price. The Board of Revision increased the taxable value of the property, but not to the sale price. The school district appealed, and the Board of Tax Appeals reversed, concluding that, because the sale was at arm's length, the sale price established the taxable value of the property. The medical center has appealed, assigning two errors.
 MOTION TO DISMISS {¶ 3} Before addressing the merits of the appeal, this Court must consider the school district's motion to dismiss. The school district has argued that, because the medical center only served a copy of the notice of appeal on its lawyers, it did not comply with Section 5717.04
of the Ohio Revised Code.
 {¶ 4} Section 5717.04 provides, in part, that, "[u]nless waived, notice of the appeal shall be served upon all appellees by certified mail." The medical center filed its notice of appeal on June 29, 2007, and mailed a copy of it via certified mail to the school district's lawyers that same day. On October 10, 2007, the school district moved for an extension of time to file an appellate brief and, on November 5, 2007, filed its brief. On March 18, 2008, the school district filed its motion to dismiss.
 {¶ 5} Even if the medical center failed to comply with Section 5717.04
because it served a copy of its notice of appeal on the school district's lawyers instead of the school district itself, the school district waived its right to service in accordance with that section. The school district filed a brief regarding the merits of the appeal four months after the medical center filed its notice of appeal. It waited another four months to object to service. It also waited until only two days before oral argument to file its motion to dismiss. Under these *Page 3 
circumstances, this Court concludes that the school district waived its right to service of the notice of appeal by certified mail. The motion to dismiss is denied.
 ARM'S-LENGTH SALE {¶ 6} The medical center's first assignment of error is that the Board of Tax Appeals incorrectly determined that it purchased the neighboring property at arm's length. It has argued that the sale was not at arm's length because it was compelled to purchase the property if it wanted to expand its facility.
 {¶ 7} This Court reviews a decision of the Board of Tax Appeals to determine whether it was "reasonable and lawful." R.C. 5717.04;Satullo v. Wilkins, 111 Ohio St. 3d 399, 2006-Ohio-5856, at ¶ 14
(quoting Columbus City Sch. Dist. Bd. of Educ. v. Zaino,90 Ohio St. 3d 496, 497 (2001)). This Court "will not hesitate to reverse a [ ] decision that is based on an incorrect legal conclusion."Satullo, 2006-Ohio-5856, at ¶ 14 (quoting Gahanna-Jefferson Local Sch.Dist. Bd. of Educ. v. Zaino, 93 Ohio St. 3d 231, 232 (2001)). The Board, however, "`is responsible for determining factual issues and, if the record contains reliable and probative support for [its] determinations,' this court will affirm them." Id. (quoting Am. Nat'lCan Co. v. Tracy, 72 Ohio St. 3d 150, 152 (1995)).
 {¶ 8} County auditors must appraise property "at its true value." R.C. 5713.01(B). If property "has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time . . . the auditor shall consider the sale price . . . to be the true value for taxation purposes." R.C. 5713.03; Berea City Sch. Dist.Bd. of Educ. v. Cuyahoga County Bd. of Revision, 106 Ohio St. 3d 269,2005-Ohio-4979, at ¶ 13. "An arm's-length sale is characterized by [three] elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Page 4 Walters v. Knox County Bd. of Revision, 47 Ohio St. 3d 23, syllabus (1989). "The absence of even a single one of these factors is sufficient to demonstrate that a transaction was not conducted at arm's length."Strongsville Bd. of Educ. v. Cuyahoga County Bd. of Revision,112 Ohio St. 3d 309, 2007-Ohio-6, at ¶ 13.
 {¶ 9} The medical center has argued that it had to purchase the neighboring property at above fair market value in order to complete its intended health care expansion. It has noted that it could only expand into the neighboring property and that the property was not for sale on the open market at the time it bought it. It has also noted that its senior vice-president averred that, although it could have abandoned the entire project, that "would have resulted in not only a loss of returns on its prior investment . . . but also the loss of future revenue that would have otherwise been generated by the healthcare campus. More importantly, the failure to develop [the property] into a specialty healthcare campus would have ultimately lowered the continuity of care being offered to the patients of [the medical center]." Accordingly, the medical center has argued it was compelled to purchase the property "at almost any price."
 {¶ 10} "A sale conducted under duress is characterized by `compelling business circumstances . . . clearly sufficient to establish that a recent sale of property was neither arm's-length in nature nor representative of true value.'" Id. at ¶ 16 (quoting Lakeside Ave. Ltd.P'ship v. Cuyahoga County Bd. of Revision, 75 Ohio St. 3d 540, 549
(1996)). The Board noted that the medical center did not publicize its desire to expand into the neighboring property. Instead, it retained a third party to approach the prior owner about selling the property. While the Board agreed that the property was not exposed to the open market, it noted that that was not determinative. The Board found that the medical center's motive for expanding into the neighboring property was a business reason. It also found that the medical center had failed to *Page 5 
prove that the property it already owned "would be worthless if it was unable to make the purchase."
 {¶ 11} The Board concluded that the medical center failed to prove that its "need for the subject property was so great that it was forced to overpay. . . . Instead, [it] took steps to protect itself from exploitation by an overeager seller, as it disguised the actual purchaser of the property in what appears to be an effort to remove any inclination on the part of the seller to inflate the price sought." Although the Board acknowledged that sellers who are approached to sell their property may sometimes ask for more than what they might otherwise have asked, the medical center did not prove "that it was compelled to buy at any price." The Board, therefore, found that the sale was at arm's length and that the taxable value of the property was its sale price.
 {¶ 12} The medical center has argued that this case resemblesColumbus Bd. of Educ. v. Franklin County Bd. of Revision, 10th Dist. Nos. 90AP-317, 90AP-324, 1992 WL 15246 (Jan. 28, 1992). In that case, Grange Mutual Insurance Company sought to acquire the final lot of a city block that it, otherwise, entirely owned. Id. at *1. The owner refused to sell, but told Grange to negotiate with her estate after her death. After the owner died, the estate sold the lot to Grange.Id. The Board of Tax Appeals found that the sale price was the true value of the property. Id. at *2.
 {¶ 13} The Tenth District reversed, concluding that the Board of Tax Appeals had applied the wrong standard in determining whether the sale was at arm's length. Id. at *5. The court noted that Grange "had no alternative but to buy the subject property if it were to achieve its goal to complete the acquisition of the entire block." Id. at *4. It noted that the property was not advertised for sale to the general public. Id. It also noted that Grange was aware that *Page 6 
the property would be sold after the previous owner's death and that it had to acquire the property to protect its investment. Id. The court further noted that "[t]he evidence indicate[d] that Grange felt compelled by the economics of the situation to pay a premium for the property before it was offered on the open market to avoid its being acquired by someone else." Id.
 {¶ 14} This case is distinguishable because the estate knew that Grange was seeking to acquire its property while the medical center hid the fact that it wanted to expand, retaining Mr. Ellis to buy the neighboring property on its behalf. There is also no evidence in the record that the previous owner was going to place the property on the open market or that the price at which Mr. Ellis purchased the property was non-negotiable. See Lakeside Ave. Ltd. P'ship v. Cuyahoga County Bd.of Revision, 75 Ohio St. 3d 540, 549 (1996) (citing a property's non-negotiable price as a factor in its determination that a sale was not at arm's length).
 {¶ 15} The medical center did not establish that it "never had any real choice but to purchase the property in question." Id. It was not forced to choose between "survival on the one hand and swift and sure corporate death (bankruptcy) on the other hand." Id. Just because its failure to purchase the neighboring property would have resulted in "a loss of returns on its prior investment," "loss of future revenue," and "lowered . . . continuity of care" for its patients does not mean that there were compelling business circumstances requiring it to purchase the property at any price. This Court concludes that the Board's factual determinations were supported by "reliable and probative" evidence and that its decision was "reasonable and lawful." Satullo v. Wilkins,111 Ohio St. 3d 399, 2006-Ohio-5856, at ¶ 14. The medical center's first assignment of error is overruled.
 APPRAISAL *Page 7 {¶ 16} The medical center's second assignment of error is that the Board incorrectly failed to consider an appraisal it submitted regarding the fair market value of the neighboring property. Because the medical center failed to establish that the sale was not at arm's length, the Board did not have to consider the appraisal. R.C. 5713.03; seeBerea City Sch. Dist. Bd. Of Educ. v. Cuyahoga County Bd. ofRevision, 106 Ohio St. 3d 269, 2005-Ohio-4979, at ¶ 13. The medical center's second assignment of error is overruled.
 CONCLUSION {¶ 17} Because the medical center purchased neighboring property in an arm's-length transaction, the Board of Tax Appeals properly determined that the property's true value was its sale price. The judgment of the Board of Tax Appeals is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Board of Tax Appeals, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellant. *Page 8 
 WHITMORE, J., MOORE, P. J., CONCUR. *Page 1