O’Connor, J.,
dissenting.
{¶ 25} I dissent.
{¶ 26} Appellee is a residential homeowner who (1) purchased the property for $534,000 in January 2004, (2) immediately demolished the existing house, and (3) built a new house on the parcel, thereby incurring approximately $400,000 in construction costs. By January 1, 2005, which is the lien date for the tax year at issue, the new house already had a certificate of occupancy. The appellant *434 auditor contests the BTA’s decision because the BTA, after rejecting the owner’s theory for reducing the value assigned to her property, adopted an even lower value than the one the owner advocated. That value, $773,800, lies well below the documented amount — $934,000 ($534,000 purchase price plus $400,000 in construction costs) — that the owner expended to acquire and improve the property. It is also below the range of value indicated by the comparable sales submitted to the BTA by the auditor’s appraiser.
{¶ 27} The majority affirms the BTA’s decision by deferring to its fact-finding expertise. But no deference is due in this case, because of the clear legal error in the BTA’s decision. See Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (this court “will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion”).
{¶ 28} We have held that in determining the value of real property, “each tax year should be determined based on the evidence presented to the assessor that pertains to that year.” Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 20. Consistent with this principle, we have held that the BTA’s determination of value for the current year should be “uncontrolled by the value assessed for prior years,” Freshwater v. Belmont Cty. Bd. of Revision (1997), 80 Ohio St.3d 26, 28-29, 684 N.E.2d 304, because it is improper to presume that the value assigned to a property for a prior tax year is correct. Id. at 28, 684 N.E.2d 304; Olmsted Falls, ¶ 21. The BTA’s decision to determine land value by applying a 70 percent factor to the $534,000 purchase price ran afoul of this principle.
{¶ 29} By deriving the percentage from a prior year’s valuation, the BTA necessarily presumed the validity of the land-value ratio for the prior year. Indulging this presumption violates the holdings of Olmsted Falls and Freshwater.
{¶ 30} Moreover, even if the majority were justified in presuming the valuation for tax year 2003 to be correct, there is no reason that the land-value ratio for that year would necessarily apply to determining the land value for tax year 2005 given all the intervening events. In this regard, the BTA decision does not merit our deference because it is unreasonable; that is, there is no reasonable basis for assuming that the land-value ratio from a prior year would validly apply to a later year.
{¶ 31} Finally, the value determined by the BTA is not in accord with the record. As already noted, the property owner was willing to expend the $534,000 purchase price and $400,000 in construction cost over the period of a single year, and the comparable sales offered by the auditor’s appraiser show that homes similar to the brand new home the appellee constructed sold in the $1,000,000 range. Quite simply, the record is not consistent with finding a value of $773,800. *435 {¶ 32} I would reverse the decision of the BTA and remand with instructions that the entire $534,000 purchase price be used as the land value.
Aronoff, Rosen & Hunt, Richard A. Paolo, Stephen R. Hunt, and Courtney M. Brooks, for appellee Gina Blatt.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellant.
Moyer, C.J., and O’Donnell, J., concur in the foregoing opinion.