94

BOWERS, AUDITOR OF SUMMIT COUNTY, APPELLANT, *v.*
AKRON CITY HOSPITAL, APPELLEE.

(No. 68-208—Decided December 24, 1968.)

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. William R. Moore, Jr.*, for appellant.
*Mr. Bernard J. Roetzel*, for appellee.

SCHNEIDER, J. This is another in a continuing flow of cases regarding real estate tax exemption. Our Constitution, Section 2, Article XII, specifically permits the adoption of general laws exempting institutions used exclusively for charitable purposes from taxation. The General Assembly has enacted Section 5709.12, Revised Code, allowing exemption of property "belonging to institutions that is used exclusively for charitable purposes." The fundamental ground for tax exemption is present benefit to the

general public sufficient to outweigh the loss of tax revenue. *Philada Home Fund* v. *Board of Tax Appeals,* 5 Ohio St. 2d 135, 139.

Current fiscal problems of local subdivisions of government and increasing tax burdens on property owners have brought forth abundant questioning of this state's tax-exemption policy and many proposals for reform. See Ohio Tax Study Commission Report (1967), 7, 55; Note, 64 Harv. L. Rev. 288; Reitze, Real Property Tax Exemptions in Ohio, 18 Western Reserve L. Rev. 64. This court agrees generally with the commentators that a sound tax exemption policy is not achieved by a case-by-case approach, and that if a more definitive choice of activities and organizations deserving exemption is to be made, that choice must be by legislative action. See, for example, Section 5709.12, Revised Code (132 Ohio Laws, S. 207), as amended, effective May 31, 1968, with reference to "homes for the aged."

Our duty here is limited to determining whether the decision of the Board of Tax Appeals in this case was unreasonable or unlawful.

Akron City Hospital is a nonprofit charitable corporation in the Akron City Taxing District of Summit County. It has contiguous parking space for 722 vehicles. In 1964, the hospital converted 154 of such parking spaces into a pay-parking area, assigning them for the use of patients, their visitors and others having legitimate contacts with the institution. The remaining spaces are reserved for the hospital staff, its employees and professional practitioners without charge. In 1967, the hospital applied for tax exemption of the parking property for that year and for remission of taxes for the last half of 1966. The Summit County Auditor recommended against the exemption. The Board of Tax Appeals granted the exemption and remission, but in its decision expressed disapproval of an appellate court case allowing an exemption for pay-parking lots. See *University Circle Development Foundation* v. *Perk* (App., Cuyahoga County, 1964), 95 Ohio Law Abs, 353.

We find no error in the holding of that case. There, the parking areas were converted to pay lots in order to prevent the general public from parking in school, hospital and museum lots. The profits derived from the lots were used to offset a portion of the cost of providing and regulating parking facilities. In the instant case, the record shows the pay lot was converted from part of a free parking area when it was discovered that the general public was using it and visitors could find no parking spaces. The existence of a $19,000 "profit" from the lot in 1965 and $15,000 in 1966 does not remove it from the statutory category of exempt property. It is the use of property rather than the fact that revenues are collected and received from property which is controlling. *Vick* v. *Cleveland Memorial Medical Foundation*, 2 Ohio St. 2d 30. Nor do reasonable charges exacted from beneficiaries of a charitable institution detract from its eleemosynary character. *Planned Parenthood Assn.* v. *Tax Commr.*, 5 Ohio St. 2d 117; *Goldman* v. *Friars Club*, 158 Ohio St. 185. Here the evidence shows that the parking lot is an essential and integral part of the hospital's function and not property used mainly for income purposes. The lot provides visitors and patients a safe and convenient place to park. The fees are not diverted to purposes *ultra vires* of the institution, but are used to pay expenses of maintaining, regulating and expanding the parking area which is necessary for the hospital complex.

Upon this record we cannot find that the decision of the board is unreasonable or unlawful.

*Decision affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL and BROWN, JJ. concur.

HERBERT, J., dissenting. I cannot agree that this parking lot was used exclusively for charitable purposes. Such extension of the exemption statute is an unwarranted narrowing of the tax base thereby unfairly increasing the burden of remaining taxpayers.