

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 16, 1969

Hon. James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas 78204

Opinion No. M-375

Re: Is real estate owned by
an institution exempt from
ad valorem taxation as a
public charity, such as a
general hospital, but used
as an automobile parking

Dear Mr. Barlow:

lot, exempt from taxation?

Your letter requests an opinion of this office concerning the exempt status of "certain parking lots" owned by the Baptist Memorial Hospital. For the purpose of your request, you have assumed that the hospital itself is an institution of "purely public charity" as defined in River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.Sup. 1963). Hence, for the purposes of this opinion the question of the exemption of the "Baptist Memorial Hospital" is not involved and it is assumed that such hospital is an institution of "purely public charity" as defined in Article 7150, Section 7, Vernon's Civil Statutes.

You have submitted, as an exhibit to your request, a map which clearly, and in detail, shows all of the real estate, by lot numbers, which is involved in your request. Your letter makes references to this map and details the use being made by the hospital of the various numbered lots. Your request classifies these parking areas and which we briefly summarize as follows:

(1) A pay parking lot across Dallas Street from the main hospital building, wherein the public is charged for parking privileges. However, doctors and ministers are allowed free parking at any time and employees and volunteer workers may park free, during regular working hours.

(2) Parking lots contiguous to the main hospital building, restricted to doctors and interns for whom there is no charge.

-1852-

(3) Parking spaces on lots to the rear of
or in between other buildings in the hospital
complex, for doctors, nurses, administrative
personnel and their  employees free of charge.

(4) Parking lots set aside for the use of
employees only, free of charge.

(5) Free employee parking spaces on lots
contiguous to a work shop, repair shop, and
paint shop, for use of hospital in its main-
tenance work.

Article VIII, Section 2 of the Constitution of Texas,
presently reads, in part:

". . . the Legislature may, by general laws,
exempt from taxation . . . property used ex-
clusively and reasonably necessary in conduct-
ing any association engaged in promoting the
religious, educational and physical development
of boys, girls, young men or young women
operating under a State or National organization
of like character; . . . and institutions of
purely public charity; . . . ." (Emphasis added.)

Thus "property" of institutions of purely public
charity may be exempted from taxation by the Legislature
when "used exclusively and reasonably  necessary in con-
ducting (such) institutions." Attorney General's Opinion
No. C-203 (1964).

Pursuant to Article VIII, Section 2 of our Constitu-
tion, the Legislature passed Article 7150, Section 7, Vernon's
Civil Statutes, which reads as follows:

"Public Charities.  All buildings and personal
property belonging to institutions of purely public
charity, together with the lands belonging to and
occupied by such institutions not leased or other-
wise used with a view to profit, unless such rents
and profits and all moneys and credits are appro-
priated by such institutions solely to sustain such
institutions and for the benefit of the sick and
disabled members and their families and the burial
of the same, or for the maintenance of persons when
unable to provide for themselves, whether such per-

sons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

Even before the admendments to Article VIII, Section 2 of our Constitution, when it exempted only buildings owned and used exclusively by institutions of public charity, the word "building" was construed to embrace the land necessary for the proper and economical conduct of the institution. The Texas Supreme Court would give the constitutional exemption a "broader signification, consonant with the purpose of the exemption and the settled policy of the state." Cassiano v. Ursuline Academy, 64 Tex. 673, 676 (1885).

While we are unable to find any pertinent Texas authority which has passed upon the extent of the tax exemption for a charitable institution whose property in question is being utilized for parking areas in connection with the conduct of the activities of such institution, we do find a pertinent decision by the Ohio Supreme Court, Bowers v. Akron City Hospital, 16 Ohio St.2d 94, 243 N.E.2d 95 (1968), which held that a parking facility operated in connection with a hospital is exempt from real property taxes, even though a charge for the parking privilege was made to regulate and exclude those not having a legitimate connection with the institution.

In the Bowers case, supra, the Ohio Constitution, which is substantially similar in substance to the Texas Constitution, permits the adoption of general laws exempting institutions used exclusively for charitable purposes from taxation. The Ohio Legislature, similarly to the Texas Legislature, passed a statute exempting the "property" of such institutions "used exclusively for charitable purposes." In the course of the opinion, the Court held:

". . . In the instant case, the record shows the pay lot was converted from part of a free parking area when it was discovered that the

general public was using it and visitors could find no parking spaces. The existence of a $19,000 'profit' from the lot in 1965 and $15,000 in 1966 does not remove it from the statutory category of exempt property. It is the use of the property-rather than the fact that revenues are collected and received from property which is controlling. . . Nor do reasonable charges exacted from beneficiaries of a charitable institution detract from its eleemosynary character. . . Here the evidence shows that the parking lot is an essential and integral part of the hospital's function and not property used mainly for income purposes. The lot provides visitors and patients a safe and convenient place to park. The fees are not diverted to purposes ulta vires of the institution, but are used to pay expenses of maintaining, regulating and expanding the parking area which is necessary for the hospital complex." (Emphasis added)

In Texas, it is settled law that the fact that charges are made by the charitable institutions, or "profits" were derived therefrom and used by it for its charitable purposes, in and of itself, will not deprive the organization of its tax emption as a purely public charity. Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926 (Tex. Comm.App. 1924).

On the other hand exemptions from taxation are not favored, and are strictly construed against the one claiming the exemption.

The rule of exemptions from taxation is tersely stated in 54 Tex.Jur.2d 203, Taxation, Sec. 65 et seq. as follows:

"Construction of exemption provisions.
"Exemptions from taxation are not favored. And it is a universal rule, applicable to constitutional and statutory provisions exempting property from taxation, that when an exemption is found to exist it should not be enlarged by construction. On the contrary, it should receive a strict construction, for the reasonable presumption is that the state has granted in express terms all it intended to grant, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant. Furthermore, the

exemption of certain property throws a greater
tax burden on property that is taxable; there-
fore, any exemption derogates from the common
right of equality of burden, and for this reason,
also, both the constitutional provision authorizing
the exemption and the statute granting it must
be found to cover a claimed exemption unambiguously.
Accordingly, if the construction of the law is
doubtful, the doubt will be resolved in favor of
the taxing power and against the claim. . . ."
(Emphasis added.)

It is apparent that the question of what lands are
reasonably necessary to the support and maintenance of a parti-
cular charitable institution may be the subject of much
confusion.  It could be said that the nature or the opera-
tion of an institution will determine what additional lands
are necessary to its support and occupancy.  The necessity
of a distinct and separate use of property in connection
with the occupancy of the building, by a charitable institu-
tion, would have to be determined from evidence not before
us.  Parking lots may or may not be an essential and integral
part of the hospital's function under the evidence.  Such
a determination cannot be made without such evidence as to
any and all of the parking lots occupied by the Baptist
Memorial Hospital.

In view of the rule of strict construction that must
be applied, for tax exemption, any use made of adjoining
property or property apart from the building of the insti-
tution would have to be essential and reasonably necessary
to the conduct of the charitable activities of the institu-
tion.  Parking lots as such cannot be said to be reasonably
necessary in this sense as a matter of law.  The nature of
the institution, and the availability of the use of other
property in the immediate vicinity, and all other circum-
stances must be considered to determine whether parking lots
are required, and how many are sufficient to meet the
essentiality or reasonably necessary test.

Under the facts submitted in your request for an
opinion, there is not sufficient showing that all of the
parking lots in question are reasonably necessary for the
operation of the institution to be classified, as a matter
of law, for tax exemption.  These facts should be determined

by the proper officials, and after determining the facts, the law as set forth in this opinion should be applied to the taxable status of the various lots involved. In accordance with the settled policy of this office, we leave these issues for the factual determination of the local tax authorities under the guide lines herein set out. Attorney General's Opinion No. R-2228 (1950).

### S U M M A R Y

Parking lots owned by a hospital operated as a purely public charity, and determined to be reasonably necessary in operating the hospital, and an essential, necessary and integral part of the hospital's function, may be accorded a tax exemption under Article VIII, Section 2, Constitution of Texas, and Article 7150, Section 7, Vernon's Civil Statutes. The factual determination of what lots, if any, are reasonably necessary for the use of the hospital as an integral part of its function, is the duty of the local tax authorities, and this office cannot make this determination.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John R. Grace
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Alan Minter
Alfred Walker
Larry Craddock
Z.T. Fortescue
James Broadhurst

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant