## MAINE MEDICAL CENTER
### v.
### Alfred LUCCI.

Supreme Judicial Court of Maine.

March 20, 1974.

Verrill, Dana, Philbrick, Putnam & Williamson, by John A. Mitchell, Portland, for plaintiff.

Charles A. Lane, Hugh Calkins, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

The defendant, Tax Assessor of the City of Portland, has appealed from a decision of a Justice of the Superior Court ordering an abatement of certain real estate taxes assessed in 1972 against the plaintiff, Maine Medical Center. The taxes for which an abatement was denied by the defendant were assessed against property owned by the plaintiff and used for off-street parking. We deny the appeal.

Plaintiff is a charitable institution incorporated under 36 M.R.S.A. § 652. In order to alleviate the parking problems incident to operating a large hospital[1] and to

---

1. Maine Medical Center contains 565 patient beds. The employees number approximately 2000 and there are 375 physicians on the staff. Public off-street parking in the vicinity of the Center is completely inadequate to serve the needs of hospital personnel and patients' visitors.

1

comply with a City ordinance requiring "one automobile off-street parking space for each 500 square feet of floor space" so that an additional wing of 150,000 square feet could be constructed, the plaintiff in 1964 acquired the so-called "Reservoir Lot." At the time this litigation originated the Center had additional buildings under construction which included a garage with a capacity of 840 parking spaces. This parking garage became operational in November of 1972. In terms of land and buildings the Center had a capital investment of $3,300,000 in the parking facilities.

Although Maine Medical Center charges a variety of parking fees to its staff, employees, patients and patients' visitors, the general public is not allowed to utilize either parking area. Despite the fees charged, the parking garage was being operated at a loss. However, projected estimates of income and expense indicated a possible recovery of the capital investment over a period of twenty years.

While appellant has argued that plaintiff is not a "benevolent and charitable corporation," we understand this argument to be directed at the status of the parking areas only. Appellant's counsel stated at trial:

> "Our defense is simply that the Maine Medical Center in operating these parking lots in question for fees is not entitled to a charitable and benevolent institution's exemption."

The Maine Legislature has determined that "real estate . . . owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State" is exempt from taxation. 36 M.R.S.A. § 652(1)(A).

■ The record clearly supports the premise upon which the decision of the

Justice below was based, namely, both the parking lot and garage serve the purposes for which the plaintiff hospital was organized. The isolated fact that income was either being derived or expected from parking fees cannot defeat the right to tax exemption, where the dominant purpose was eleemosynary.

This holding is entirely consistent with the philosophy underlying our past interpretation of 36 M.R.S.A. § 652(1)(A), where tax exemption has been allowed under a variety of circumstances. The statutory language "used solely for their own purposes" has been held not to preclude tax exemption where property is used only seasonally,[2] or where occasional rent is received,[3] or where land is owned and held for future expansion,[4] or is undeveloped land,[5] or is occupied rent free by a regularly employed caretaker.[6]

In all of these cases the dominant purpose for which the property was acquired and owned was benevolent and charitable. This is likewise true of the parking facilities here sought to be taxed by the City of Portland. The effective operation of the Main Medical Center was enhanced by providing employees, staff, patients and visitors with parking facilities adjacent to the hospital. We would be completely naive if we ignored the practical operational problems of a large medical center absent adequate areas for vehicular parking.

Our holding is consistent with the conclusions reached in other jurisdictions with specific reference to hospital owned and operated parking facilities and where the tax exemption statute contained language comparable to the Maine Statute. *See* Bowers v. Akron City Hospital, 16 Ohio St.2d 94, 243 N.E.2d 95 (1968); Ellis Hospital v. Fredette, 27 A.D.2d 390, 279 N.Y.

2. Ferry Beach Park Ass'n v. City of Saco, 127 Me. 136, 142 A. 65 (1928).

3. Curtis v. Androscoggin Lodge, No. 24, I.O.O.F., 99 Me. 356, 59 A. 518 (1904).

4. Osteopathic Hospital v. City of Portland, 139 Me. 24, 26 A.2d 641 (1942).

5. Green Acre Baha'i Institute v. Town of Eliot, 150 Me. 350, 110 A.2d 581 (1954).

6. State Young Men's Christ. Ass'n v. Town of Winthrop, 295 A.2d 440 (Me.1972).

S.2d 925 (1967); University Circle Development Foundation v. Perk, Ohio App., 32 Ohio Op.2d 213, 200 N.E.2d 897 (1964). As to parking facilities generally when owned by tax exempt corporations, see Annot., 33 A.L.R.3d 938.

 We have no hesitancy in holding that where the utilization of property is reasonably incident to the major purpose for which a benevolent and charitable institution is incorporated, and such utilization is not oriented toward pecuniary profit but, rather, toward providing necessary services and facilities, such property under Maine law is exempt from taxation. Such is the case here.

The entry is:

Appeal denied.

All Justices concurring.