GIRL SCOUTS-GREAT TRAIL COUNCIL, APPELLEE,

*v.* LEVIN, TAX COMMR., APPELLANT.

[Cite as *Girl Scouts-Great Trail Council v. Levin,*
113 Ohio St.3d 24, 2007-Ohio-972.]

<div style="background:black"> </div>

(No. 2006–0266—Submitted October 17, 2006—Decided March 21, 2007.)

<div style="background:black"> </div>

O'DONNELL, J.

{¶ 1} The Tax Commissioner appeals from a decision of the Board of Tax Appeals ("BTA") that reversed the commissioner and held that the Girl Scouts–Great Trail Council ("Girl Scouts") used its property in Stark County for charitable purposes and did not operate its store with a view to profit and, therefore, was entitled to exemption from real estate tax in accordance with R.C. 5709.12(B). Because that decision of the BTA is reasonable and lawful, in accordance with R.C. 5717.04, we affirm it.

{¶ 2} The record reveals that the Girl Scouts is a not-for-profit organization that owns approximately three acres of land in North Canton, Ohio, improved with an office building of approximately 12,000 square feet that it uses for administrative offices, meetings, training of volunteers, and various Girl Scout activities.

{¶ 3} In a portion of this building, approximately 256 square feet, the Girl Scouts operate a store that sells only items reflecting membership in the Girl Scouts, including books, badges, patches, pins, and uniforms, as well as polo shirts, tee shirts, and sweatshirts bearing the Girl Scouts insignia. Members are not required to purchase any of these items, but they do so to recognize their participation and their accomplishments. These items are not available else-where in Stark County. The store does not advertise to the general public, nor does it offer items unrelated to the Girl Scouts.

{¶ 4} The Girl Scouts National Equipment Service provides most items to the Girl Scouts and, in order to keep prices consistent nationwide, requires the Girl Scouts to sell those items at a 20 to 25 percent markup. The remaining items for

sale at the store are purchased from vendors licensed by the national Girl Scouts organization and are sold at a price based on cost and shipping charges.

{¶ 5} In September 2002, the Girl Scouts applied for a real estate tax exemption, pursuant to R.C. 5709.12(B), for the 2002 tax year and for remission of taxes, penalties, and interest for the 2001 tax year. The Tax Commissioner determined that while the majority of the property qualified for tax exemption, the portion of the building occupied by the store was not exempt, because the Girl Scouts did not use it exclusively for a charitable purpose. Despite the fact that the store made no profit for each of the 11 years preceding 2003, but made a $2,363 profit in 2003, the Tax Commissioner ordered the property to be split-listed for tax purposes.

{¶ 6} The Girl Scouts appealed that decision to the BTA. At a hearing, the chief financial officer for the Girl Scouts, Debra E. Koyle, testified that the store does not exist to make a profit but only as a service to its membership. The BTA cited our opinion in *Am. Soc. For Metals v. Limbach* (1991), 59 Ohio St.3d 38, 569 N.E.2d 1065, acknowledging that property is not exempt from taxation when it is used with a "view to profit." The board concluded, however, that the Girl Scouts used the property for charitable purposes and not with a view to profit. Thus, it determined that the property qualified for an exemption from real estate taxation pursuant to R.C. 5709.12(B) and reversed the decision of the Tax Commissioner.

{¶ 7} The Tax Commissioner now appeals, asserting that the Girl Scouts operated the store with a view to profit and in competition with commercial enterprises, contending that the board created a new, erroneous test for determining whether property has been used with a view to profit based upon whether the institution realized only a "small profit."

{¶ 8} The issue presented here, then, concerns whether the property is exempt from real estate taxation, pursuant to R.C. 5709.12(B).

{¶ 9} R.C. 5717.04 sets forth the appropriate standard of review for matters on appeal from the Board of Tax Appeals: "If upon hearing and consideration of [the] record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same * * *." In *Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 197, 524 N.E.2d 887, we reiterated that the standard of review for a matter appealed from the BTA is whether the decision "is reasonable and lawful." Further, we acknowledged in *Ameritech Publishing, Inc. v. Wilkins,* 111 Ohio St.3d 114, 2006-Ohio-5337, 855 N.E.2d 440, that " '[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,' this court will affirm them." Id. at ¶ 5, quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.

{¶ 10} In this case, we are called upon to construe the meaning of R.C. 5709.12, which provides:

{¶ 11} "(B) * * * Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation."

{¶ 12} Thus, in order to qualify for a tax exemption pursuant to this section, a claimant must demonstrate that the property belongs to an institution and that it is used exclusively for charitable purposes.

{¶ 13} Here, it is not disputed that the property involved is owned by the Girl Scouts and that the Girl Scouts organization is an institution. The issue is whether the property is being used by them exclusively for charitable purposes. In this context, in order to qualify for the exemption, the Girl Scouts must demonstrate that the property is not used with a view to profit, as specified in R.C. 5709.121, which states:

{¶ 14} "Real property and tangible personal property belonging to a charitable or educational institution * * * shall be considered as used exclusively for charitable or public purposes by such institution * * * if it meets one of the following requirements:

{¶ 15} " * * *

{¶ 16} "(B) It is made available under the direction or control of such institution * * * for use in furtherance of or incidental to its charitable, educational, or public purposes *and not with the view to profit.*" (Emphasis added.)

{¶ 17} The fact that an institution generates revenue from its use of property does not necessarily defeat the claim for tax exemption, as our decision in *Bowers v. Akron City Hosp.* (1968), 16 Ohio St.2d 94, 45 O.O.2d 445, 243 N.E.2d 95, illustrates. There, a nonprofit charitable hospital owned an adjacent parking lot and offset the costs of operating the lot from the parking fees it collected. We concluded that the generation of profit by the property "does not remove it from the statutory category of exempt property," because "the evidence shows that the parking lot is an essential and integral part of the hospital's function and not property used mainly for income purposes." Id. at 96, 45 O.O.2d 445, 243 N.E.2d 95.

{¶ 18} In the instant case, the store operated by the Girl Scouts exists to accommodate the Girl Scouts, the prices charged are intended to cover its costs of operation, and the merchandise is not marketed to compete with commercial, for-profit enterprises.

{¶ 19} In addition, this court has previously defined the term "used exclusively" to mean "primary use." See *True Christianity Evangelism v. Zaino* (2001), 91 Ohio St.3d 117, 120, 742 N.E.2d 638, citing *Moraine Hts. Baptist Church v. Kinney* (1984), 12 Ohio St.3d 134, 135, 12 OBR 174, 465 N.E.2d 1281. Based on

the facts presented in this case, we conclude that the primary use of the property is to fulfill the charitable function served by the Girl Scouts and, therefore, the property meets the statutory requirement that it be used exclusively for charitable purposes and not with a view to profit.

{¶ 20} While we agree with the Tax Commissioner that the amount of profit that an institution realizes is not a determinative factor for whether an institution has used its property with a view to profit, we do not agree that the BTA decision has created such a test. Rather, the board referred to a slight profit generated "in one out of twelve years of operation." It concluded that the Girl Scouts used its property for charitable purposes and did not operate the store with a view to profit.

{¶ 21} The facts contained in the record support these conclusions reached by the BTA, and its decision is neither unreasonable nor unlawful. Accordingly, in conformity with R.C. 5717.04, we affirm the decision of the BTA.

Decision affirmed.

GRENDELL, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

MOYER, C.J., dissents.

DIANE V. GRENDELL, J., of the Eleventh Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

———————

Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., and Gregory D. Swope, for appellee.

Marc Dann, Attorney General, and Janyce C. Katz, Assistant Attorney General, for appellant.