Kennedy, J.,
dissenting.
{¶ 37} I respectfully dissent. Our case law and the record in this matter support a finding that the lease of the property by 250 Shoup Mill, L.L.C., to a community school is not intended to generate a profit and, therefore, is not inconsistent with the public-schoolhouse exemption as discussed by this court in Anderson/Maltbie Partnership v. Levin, 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547. Therefore, the Board of Tax Appeals (“BTA”) erred in affirming the denial of exemption under the public-schoolhouse exemption, former R.C. 5709.07(A)(1). 2005 Am.Sub.H.B. No. 66, 151 Ohio Laws, Part II, 2868, and Part III, 4397. Moreover, the majority is improperly extending case law regarding the so-called “vicarious exemption” in the realm of charitable use to the public-schoolhouse exemption without support in our precedents. Accordingly, I would conclude that the property is entitled to exemption under the public-schoolhouse exemption under former R.C. 5709.07(A)(1) and reverse.
{¶ 38} In reviewing a BTA decision, this court considers whether the decision was “reasonable and lawful.” R.C. 5717.04. Under this standard, we acknowledge that “ ‘[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,’ ” we will affirm them. (Brackets sic.) Satullo v. Wilkins, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting Am. Natl. Can Co. v. Tracy, 72 Ohio St.3d 150, 152, 648 N.E.2d 483 (1995). On the other hand, we “ ‘will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.’ ” Id., quoting Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).
{¶ 39} Contrary to the majority’s assertion, the BTA’s decision was not “reasonable and lawful.” While findings of fact lie within the BTA’s discretion, we are not to blindly rubberstamp them. Instead, we are to ensure that the record contains reliable and probative support for the BTA’s determinations. Here, the record does not support the BTA’s factual findings, and its determination was based on an incorrect legal conclusion.
*108 {¶ 40} In Anderson/Maltbie, we stated that “property ‘appropriated to the support of education for the benefit of the public without any view to profit’ qualifies for [the public-schoolhouse] exemption.” 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547, at ¶ 30, quoting Gerke v. Purcell, 25 Ohio St. 229, 247 (1874). When the property at issue is subject to a commercial for-profit lease, whether the exemption applies despite the restriction that the property may not be used with a view to profit requires examination of both lessor and lessee. Id. at ¶ 33. “If the lease is intended to generate profit for the lessor, the property does not qualify for exemption; similarly, the property does not qualify if the lessee’s use is intended to generate profit.” Id.
{¶ 41} Accordingly, in the current matter, the focus is on whether Shoup Mill intended for the lease to generate a profit. The record reveals that it did not, and the factual and legal determinations reaching the contrary conclusion are unreasonable and unlawful.
{¶ 42} First, the tax commissioner’s finding that Shoup Mill was collecting substantial market-rate rent is devoid of any evidentiary basis. In fact, the president of New Plan Learning, Inc. (“New Plan”) answered “no” when asked whether New Plan or Shoup Mill had “scrutinized the market” to determine the rent. Instead, he testified that “we are driven by the school’s needs and what the lender is offering.”
{¶ 43} Second, the BTA’s finding that the mere existence of a surplus establishes the intent to realize a profit is a legal error. While the record does support that some net surplus was realized during a couple of years for which documentation was supplied, such surpluses qualify as de minimus; even the majority recognizes it as a “modest surplus.” Majority opinion at ¶ 14.
{¶ 44} In concluding that the mere fact that any profit is realized qualifies as an intent to generate a profit, the majority disregards our case law in which we have recognized that when the overriding purpose of a property is charitable or public, minor surpluses do not defeat the exemption for charitable and/or public use, particularly when those surpluses merely help finance the very activity that is public or charitable in character. See Cincinnati v. Testa, 143 Ohio St.3d 371, 2015-Ohio-1775, 38 N.E.3d 847, ¶ 24 (minor surplus in fund for city golf course “does not constitute ‘profit’ that would violate the limitation of R.C. 5709.121(A)(2)”); South-Western City Schools Bd. of Edn. v. Kinney, 24 Ohio St.3d 184, 186, 494 N.E.2d 1109 (1986) (renting of apartment on public golf course, operation of pro shop, and operation of snack shop did not violate “view to profit” limitation); Girl Scouts-Great Trail Council v. Levin, 113 Ohio St.3d 24, 2007-Ohio-972, 862 N.E.2d 493, ¶ 17-18 (store in Girl Scout headquarters selling scout-related items at slight profit did not violate “view to profit” criterion).
*109 {¶ 45} Instructive here is the discussion in Girl Scouts of Bowers v. Akron City Hosp., 16 Ohio St.2d 94, 243 N.E.2d 95 (1968), in support of its holding that the mere generation of a profit does not necessarily defeat the claim of exemption. In Bowers, a nonprofit charitable hospital owned an adjacent parking lot that charged a fee to help defray the cost of maintaining it; the court held that the generation of a profit by the lot “does not remove it from the statutory category of exempt property” because “the evidence shows that the parking lot is an essential and integral part of the hospital’s function and not property used mainly for income purposes.” Id. at 96.
{¶ 46} Likewise, the real property acquisition, financing, construction, and management functions that New Plan and its subsidiaries perform for the community schools constitute an “essential and integral part” of the community schools’ own operations; accordingly, the surpluses generated through rental income do not violate the “view to profit” criterion for the same reason that similar income did not in the earlier cases. After all, fiscal prudence dictates that New Plan must maintain its own solvency in order to perform its function of developing and managing the real estate assets on behalf of its director/clients.
{¶ 47} Moreover, the majority’s reliance on “case law that bars a claim of ‘vicarious exemption’ ” to support the denial of the public-schoolhouse exemption is inappropriate. An examination of the majority’s supporting authority reveals that the claims for exemption in those cases were not made under former R.C. 5709.07. In OCLC Online Computer Library Ctr., Inc. v. Kinney, 11 Ohio St.3d 198, 199, 464 N.E.2d 572 (1984), the taxpayer abandoned its claim for exemption under R.C. 5709.07 and contested only the BTA’s rejection of its claim under R.C. 5709.12. And in Joint Hosp. Servs., Inc. v. Lindley, 52 Ohio St.2d 153, 370 N.E.2d 474 (1977), the claim for exemption was made under R.C. 5739.02(B)(12). Both of these cages involved exemptions for charitable institutions, not public schoolhouses, and both involved taxpayers who sought exemptions based upon the charitable status of their customers. We rejected the claims, finding that the taxpayers were not entitled to a vicarious charitable exemption. In neither OCLC nor Joint Hosp. Servs. did the taxpayer itself qualify as a charitable organization. See OCLC at 201; Joint Hosp. Servs. at 155.
{¶ 48} In contrast, former R.C. 5709.07(A)(1) limited the schoolhouse exemption to property “necessary for the proper occupancy, use, and enjoyment of the schoolhouses, and not leased or otherwise used with a view to profit.” There is no “used exclusively” language. Instead, the property may not be “used with a view to a profit.” In a lease situation such as the one at bar, we are required to examine whether “the lease is intended to generate profit for the lessor.” Anderson/Maltbie, 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547, at ¶ 33. *110 Accordingly, since the focus is on the intention of the lessor, who is the one claiming the exemption, there is no basis for extending the “vicarious exemption” analysis to the public-schoolhouse claim in this case.
Eastman & Smith, Ltd., M. Charles Collins, and Graham A. Bluhm, for appellant.
Michael DeWine, Attorney General, and Melissa Baldwin and Sophia Hussain, Assistant Attorneys General, for appellee.
{¶ 49} Therefore, I would reverse the BTA’s decision and grant the public-schoolhouse exemption. Accordingly, I respectfully dissent.
O’Donnell and French, JJ., concur in the foregoing opinion.